IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JASON LEE BOLEN                                                              PLAINTIFF

V.                                                      CIVIL ACTION NO. 1:20-CV-144-SA-DAS

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

On July 8, 2020, Jason Lee Bolen filed a Complaint [1] appealing the Administrative Law Judge's unfavorable decision and the Commissioner of Social Security's final decision regarding his claim for Social Security Disability benefits. The Commissioner filed his Answer [11] to the Complaint on December 16, 2020. The parties later filed briefs further supporting their arguments. *See* [20], [21]. The Magistrate Judge assigned to this case held a hearing regarding the Complaint [1] on May 17, 2021. *See* [22]. The Magistrate Judge then entered a Report and Recommendation [23] on June 21, 2021, recommending "the decision of the Commissioner be reversed and this case remanded for further consideration." [23] at p. 6. The Commissioner filed an Objection [29] to the Report and Recommendation on July 20, 2021, and the Plaintiff filed his Response [30] on July 23, 2021. As such, the issues have been fully briefed and are ripe for review.

*Factual and Procedural History*

Prior to the Plaintiff's alleged disability onset, he worked as a production supervisor for seventeen (17) years for Caterpillar, earning over $80,000.00 per year. In his Complaint [1], the Plaintiff alleges he became entitled to Social Security Disability benefits on July 20, 2017 "due to physical and mental conditions that left him unable to perform substantial gainful activity." [1] at p. 1. The Plaintiff filed for disability benefits on May 30, 2018 alleging he was disabled due to anemia, blood clot and liver damage, constant diarrhea, constant vomiting, depression, gastroparesis, and hernia and mesh complications due to a hernia repair surgery he had on July 20, 2017. The Plaintiff

has not returned to work since the surgery. The Plaintiff's claim for disability benefits was denied initially and on reconsideration.

The Disability Determination Services ("DDS"), a state agency, required the Plaintiff to see psychologist Dr. Harold Savell, Ph.D., who conducted a consultative exam of the Plaintiff on August 20, 2018. The Plaintiff also met with Dr. Joe Edward Morris, Ph.D., who conducted a psychological evaluation of the Plaintiff on October 4, 2018. The results from Dr. Savell and Dr. Morris's evaluations of the Plaintiff are included in the Plaintiff's medical file in this case. Additionally, the record in this case indicates that the Plaintiff began attending counseling sessions at New Creations Counseling in Corinth, Mississippi on August 10, 2018 and continued attending these sessions through July 30, 2019.

On August 30, 2018, Dr. Bryman Williams conducted his own report on behalf of the DDS. In doing so, he relied on Dr. Savell's consultative exam of the Plaintiff. Dr. Williams concluded that the Plaintiff did not have severe mental impairments; that the Plaintiff was not limited in applying, remembering, or understanding information; that the Plaintiff was mildly limited in his abilities to concentrate, maintain pace, and persist; that the Plaintiff was mildly limited in interacting with others; and that the Plaintiff was not limited in his ability to adapt or manage himself.

On September 5, 2019, the Administrative Law Judge ("ALJ") held a hearing on the Plaintiff's application. At the hearing, the Plaintiff testified that a nerve was damaged during the surgery which causes him to have uncontrollable diarrhea and, consequently, use the restroom six to seven times daily. The Plaintiff also testified to suffering from various other complications that contributed to his inability to work.

The ALJ issued a decision on October 3, 2019 in which he walked through all five steps of the disability analysis and determined that the Plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 20, 2017, and that the Plaintiff had severe impairments

of alcoholic hepatitis, gastroparesis, and Meniere's disease. The ALJ also determined that the Plaintiff had the residual functional capacity ("RFC") to perform sedentary work except for work that required climbing, ladders, ropes or scaffolds, or more than occasionally balancing. Additionally, the ALJ noted that the Plaintiff could never work at unprotected heights. Further, the ALJ determined that the Plaintiff could not perform any past relevant work but noted that there were other jobs available he could perform such as a credit checker, ticket checker, and an information clerk. The ALJ also concluded that the Plaintiff's mental impairments were not severe. In reaching that conclusion, the ALJ reasoned that "the claimant has had either had [sic] no apparent treatment, is taking medication or does not have any real limitations noted[.]" [12] at p. 18. Ultimately, the ALJ denied the Plaintiff's application.

The Appeals Council denied the Plaintiff's request for review of the ALJ's decision on May 12, 2020. The Plaintiff then timely filed his appeal to this Court. *See* [1]. The Magistrate Judge assigned to this case entered a Report and Recommendation [23], finding the ALJ's decision to be factually flawed and unsupported by substantial evidence. Consequently, the Magistrate Judge recommended that the Commissioner's decision be reversed and the Plaintiff's case be remanded. Having reviewed the filings along with the applicable legal authorities, the Court is prepared to rule.

*Standard of Review*

When a party files an objection to a Report and Recommendation, a court must then conduct a *de novo* review of the sections of the Report to which the party objects. *Davis v. Turner*, 2018 WL 6172521 at *1 (N.D. Miss. Nov. 26, 2018) (quoting *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (internal citation omitted)). "With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Id.* (quoting *Gauthier*, 644 F.Supp.2d at 828 (internal citation omitted)).

*Analysis*

The Commissioner objected to the Report and Recommendation [23] arguing that: (1) there is substantial evidence to support the ALJ's decision that the Plaintiff does not have severe mental impairments; and (2) even if the Plaintiff does have severe mental impairments, the fact that the ALJ found otherwise is harmless error.[1] The Court will address these arguments in turn.

I.      Substantial Evidence

The Commissioner uses a five-step analysis when considering a claim for disability: "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). "If, at any step, the claimant is determined to be disabled or not disabled, the inquiry is terminated." *Id*. at 448 (citing *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)).

The Commissioner argues that the ALJ's decision was supported by substantial evidence including the DDS's opinion and other medical reports. The Commissioner acknowledges that the ALJ was incorrect when he discounted Dr. Savell's report as a "one-time examination that seems generated solely for the purpose of obtaining benefits," when in actuality the *DDS* required the Plaintiff to meet with Dr. Savell for the examination. [29] at p. 5. This Court also notes that the ALJ discounted Dr. Savell's examination because he claimed it was not supported by objective evidence.

---

[1] It should be noted that the Commissioner does not object to the Report and Recommendation [23] in its entirety. The Magistrate Judge assigned to this case noted that the ALJ, after finding that the Plaintiff's medical records were partially persuasive, restricted the Plaintiff to sedentary work due to his gastroparesis. The Magistrate Judge reasoned that "[w]hile this court might reach a different decision if this matter was before it for *de novo* review, it is constrained to find the RFC is supported by substantial evidence as to the gastroparesis." [23] at p. 3. The Commissioner does not object to this finding. As a result, this Court, having found no plain error in that recommendation, need not further consider the ALJ's finding regarding the Plaintiff's RFC in light of his gastroparesis. *Davis*, 2018 WL 6172521 at *1 (quoting *Gauthier*, 644 F.Supp.2d at 828).

As the Magistrate Judge pointed out, psychologists do not mainly rely on labs and other test results as do health professionals in other fields. *See* [23] at p. 5. Instead, they rely on mental examinations to obtain the information they need to reach an opinion. *Id*. As a result, this Court finds that discounting Dr. Savell's report for lack of objective evidence is without merit. *See Doss v. Barnhart*, 137 Fed. Appx. 689, 690 (5th Cir. 2005) ("The decision of the [ALJ] that Doss has the residual functional capacity to perform sedentary work and that she is not disabled within the meaning of the Social Security Act is supported by substantial evidence, including the objective medical evidence, the opinions of Doss's treating physicians. . ."); ("The record indicates that the ALJ considered all the objective medical evidence presented by Doss, which included notations from some of her physicians that she suffered from depression. However, the ALJ determined that Doss did not have a longitudinal history of depression and had not been diagnosed with depression by a psychologist or a psychiatrist."). Nevertheless, the Commissioner argues that the report supports the ALJ's determination because Dr. Savell noted that the Plaintiff had a fair prognosis as far as his mental condition was concerned. The Commissioner points out that Dr. Savell, after considering the Plaintiff's described activities of daily living, found such activities to be inconsistent with an individual having a severe mental impairment. Further, the Commissioner notes a couple concerns from Dr. Savell's report but highlights his positive findings such as the Plaintiff's good social judgment, long-term memory, concentration, and recall.

Additionally, the Commissioner argues that the DDS's opinion supports the ALJ's finding. The Commissioner notes that Dr. Williams relied on Dr. Savell's report in conducting the DDS's findings. Therefore, the Commissioner argues that even though the ALJ discounted Dr. Savell's report, such error was harmless as he still ultimately relied on Dr. Savell's report by relying on the DDS's opinion. However, this Court finds this argument to be circular and unconvincing when as the Magistrate Judge pointed out in the Report [23], this was the *only* report on which Dr. Williams

relied when conducting his report on behalf of the DDS. Therefore, this Court finds that the fact that the ALJ relied on the DDS opinion does not serve as substantial evidence supporting the ALJ's determination.

Second, the Commissioner argues that other medical evaluations supported the ALJ's decision in determining the Plaintiff's medical impairments were not severe. Specifically, the Commissioner cites to four other medical evaluations in his Objection [29] in which the Plaintiff denied any anxiety or depression-related emotions. *See* [29] at p. 6. The Plaintiff argues that the ALJ did not rely on those four medical reports in reaching his determination and that, as a result, those reports cannot now be introduced to support the Commissioner's position. This Court finds that based on the information set forth in the ALJ's decision, such decision was erroneous. For example, the ALJ failed to address the fact that the Plaintiff had been seeing a counselor at New Creations Counseling beginning a year prior to the hearing. Not only had the Plaintiff been seeing a counselor, but in July 2019, David Carpenter, the Plaintiff's counselor, made the following assessment:

> Throughout Mr. Bolen's time in therapy, he has kept a state of depression coupled with anxiety. . . [H]is physical and emotional state continues to decline.
>
> It is my clinical opinion that Mr. Bolen could not nor should not undertake any type of employment at this juncture in his life.

[12] at p. 676. Again, this assessment, and the fact that the Plaintiff had been seeing a counselor, were completely ignored in the ALJ's decision.

Finally, the Commissioner argues that he did not ignore Dr. Morris's findings as was indicated in the Report [23]. Instead, the Commissioner argues that the ALJ did consider Dr.

Morris's evaluation of the Plaintiff but that he gave the evaluation little persuasive value.[2] In his objection, the Commissioner reiterated the ALJ's finding that Dr. Morris's report was not consistent with the objective evidence of the record. Again, as the Magistrate Judge pointed out, "[w]hile the mental health field lacks the MRIs and lab tests found in other health fields, mental health professionals issue opinions based on mental examinations regularly. The absence of 'objective evidence' does not make those opinions unpersuasive." [23] at p. 5. As a result, the ALJ erred when he dismissed the findings of Dr. Savell and Dr. Morris because they were not backed by objective evidence.

Seeing as the ALJ discounted the opinions of both Dr. Savell and Dr. Morris, ignored the fact that the Plaintiff had been seeing a counselor for nearly a year, and failed to acknowledge the counselor's assessment, this Court finds that the ALJ's opinion was not based on substantial evidence when he found the Plaintiff's mental impairments to not be severe.

II.       Harmless Error

The Fifth Circuit Court of Appeals has held that even if the ALJ has erred, the Fifth Circuit "will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." *Graves v. Colvin*, 837 F.3d 589, 592-93 (5th Cir. 2016) (quoting *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000)) (footnote omitted); *see also Audler*, 501 F.3d at 448 ("'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'") (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)).

---

[2] The ALJ also referred to Dr. Morris's evaluation as a "one-time examination that seems generated solely for the purpose of obtaining benefits," just as he described Dr. Savell's report. While the Commissioner did not acknowledge the ALJ's comment regarding Dr. Morris's report, the Court notes that the Commissioner acknowledged that his statement regarding Dr. Savell's report was incorrect.

The Commissioner argues that even if there was not substantial evidence to support the ALJ's finding, such an error was harmless as the ALJ still proceeded to Step Five of the analysis. This Court disagrees. As the Plaintiff points out, even though the ALJ continued its analysis, its ultimate decision was to not grant the Plaintiff any non-exertional limitations. As the Court found above, the Plaintiff had severe mental impairments. The ALJ's failure to provide for those impairments, a decision made at Step Five of the analysis, was harmful to the Plaintiff. Therefore, the fact that the ALJ continued past Step Two of the analysis does not make his ultimate finding harmless error.

## Conclusion

For the reasons stated above, the Court ADOPTS IN FULL the Report and Recommendation [23]. The Commissioner's decision is therefore REVERSED, and this case is REMANDED for further consideration.

SO ORDERED, this the 29th day of March, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE