**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JASON LEE BOLEN**                                                                               **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:20-CV-144-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

**ORDER GRANTING
PAYMENT OF ATTORNEY'S FEES**

Jason Lee Bolen filed this civil action on July 8, 2020, to appeal the Commissioner's denial of disability benefits. Docket 1. This court entered an Order remanding this case to the Social Security Administration on March 29, 2022. Docket 31. On May 5, 2023, this court granted the plaintiff an award of attorney's fees totaling $9,061.21 under the Equal Access to Justice Act (EAJA) for 42.45 hours of attorney time. Docket 34.

On May 24, 2023, counsel for the plaintiff filed a motion for attorney's fees under 42 U.S.C. § 406(b)(1). Docket 35. Counsel reports that the plaintiff was successful on remand in obtaining an award of past-due benefits and seeks an award of attorney's fees for services performed in Federal District Court in the amount of $23,661.54. *Id*.

The Agency withheld a total of $38,722.75, representing the balance of twenty-five percent (25%) of the plaintiff's past due benefits withheld to pay his representative. *Id*. Counsel explains the $23,661.54 requested in the instant motion constitutes a portion of the 25% fee for work before the agency and federal court which altogether totals $38,722.75. Docket 35 (the $38,722.75 amount is comprised of a $6,000.00 fee for work performed at the administrative level; a $23,661.54 fee under § 406(b)(1) for services performed in Federal District Court; and $9,061.21 in EAJA fees which has already been awarded).

In its response, the Commissioner declines to assert a position on the appropriateness or reasonableness of counsel's motion for fees and instead describes the relevant legal standards under which such a request is evaluated. Docket 25. Yet the Commissioner notes that the fee requested equates to an hourly rate of $599.79[1] and "respectfully suggests that an amount equaling no more than double a claimant's attorney's per hour non-contingent rate is reasonable." *Id*. However, the Commissioner cites no legal authority for this proposition.

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation*,* not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).[2] "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).[3] Fees under both § 406(b) and the EAJA are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id*.

---

[1] By the court's calculation of work performed in federal court, this hourly rate is incorrect because it does not account for the EAJA fee.

[2] "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

[3] In *Gisbrecht*, the Supreme court noted:
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

While § 406(b) does not contain a specific time period for the filing of a request for attorney's fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no later than 14 days after entry of judgment." *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). It is within the court's discretion to expand the deadline beyond 14 days; therefore, even if a request is made more than 14 days after the district court's order granting remand, a motion for attorney's fees can be timely when filed after the Agency awards benefits to the claimant on remand. *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *2 (S.D. Miss. Feb. 23, 2016) (citing *Pierce v. Barnhart*, 440 F.3d at 664). The instant motion was filed on May 24, 2023, only days after the SSA advised counsel and Mr. Bolen as to the amount of benefits he would be receiving. Docket 35-1. The court therefore finds that counsel's request for fees was made within a reasonable time.

Finding that an award of fees is appropriate, the court now turns to whether the amount requested is proper. Section 406(b) instructs courts to evaluate the reasonableness of fees yielded by attorney-client contingent-fee agreements, acting as an "independent check" on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a "reasonable result" in particular cases. *Gisbrecht v. Barnhart*, 535 U.S. at 807-09. Counsel's request for a total of $23,661.54 from fees withheld by the Agency from the plaintiff's past-due benefits, taken in conjunction with the $9,061.21 EAJA award, would result in an effective rate of $770.85 per hour for the 42.45 hours of reasonable work expended by counsel in federal court.

Following analysis in *Bays v. Commissioner*, the court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The court first considers that counsel has presented a contingency-

---

*Id.* at 807-08, 122 S. Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

fee agreement signed by the plaintiff, wherein the plaintiff acknowledges that his attorney will seek payment of attorney fees from past-due benefits awarded for representing him in federal court. Second, the court notes that counsel successfully argued the plaintiff's case before this court—which included reviewing a 677-page administrative record and drafting 55 pages of detailed briefing—and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id*. at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)). Fourth, the plaintiff's counsel is an experienced Social Security attorney and there is no indication of undue delay in the record on his part. Finally, the § 406(b) fee requested is within the statutory limit imposed by § 406(b)(1)(A).

For the foregoing reasons, the plaintiff's Motion for Award of Attorney Fees under 42 U.S.C.§ 406(b)(1) is **GRANTED.** Plaintiff's counsel is awarded $23,661.54, which is to be paid from the plaintiff's past-due benefits withheld by the Agency. Because plaintiff's counsel credited the amount of the EAJA fees amount he already received in seeking this award, the court will not require that counsel for plaintiff reimburse plaintiff any amount, and the remaining balance of the plaintiff's past-due benefits withheld by the Agency shall be paid to plaintiff.

**SO ORDERED**, this the 8th day of June, 2023.

                                                       /s/ David A. Sanders
                                                       **UNITED STATES MAGISTRATE JUDGE**